The DOVER HISTORICAL SOCIETY, Henry R. Horsey, Holly Johnson and Charles Johnson, Petitioners,

v.

CITY OF DOVER PLANNING COMMISSION, consisting of John Friedman, Carol H. Young, Michael Von Reider, William J. Dimondi, Thomas Holt, Fred Tolbert, Robert DF. Welsh, Francis Winsley and Francis C. Nichols and Young & Malmberg, P.A., a Delaware professional assoc., and Yozima, L.L.C., a Delaware limited liability company, Respondents.

The Friends of Old Dover, Inc., Henry R. Horsey, Holly Johnson and Charles Johnson, Petitioners,

v.

City of Dover Planning Commission, Young & Malmberg, P.A., a Delaware professional association; and Yozima, L.L.C., a Delaware limited liability co., Respondents.

C.A. Nos. 03A–06–002 WLW, 05A–07–001 WLW.

Superior Court of Delaware, Kent County.

Submitted: Aug. 25, 2006.
Decided: Nov. 28, 2006.

See also, 2007 WL 1805777.

Upon Petitioners' Second Application for Attorneys Fees. Deferred for Supplementation.

Grover C. Brown, Esquire and Michael J. Maimone, Esquire of Gordon, Fournaris & Mammarella, P.A., Wilmington, DE, for the Petitioners.

William W. Pepper, Sr., Esquire of Schmittinger & Rodriguez, P.A., Dover, DE, for City of Dover Planning Commission.

William E. Manning, Esquire of Klett Rooney Lieber & Schorling, Wilmington, DE, for Young & Malmberg, P.A. and Yozima, L.L.C.

## ORDER

WITHAM, R.J.

Petitioners (or "Plaintiffs")[1] argue that the second (or supplemental) fee application in the amount of $134,432.05 should be granted based on the Supreme Court's holding concerning the matter. Respondents ("or Defendants")[2] argue that it is inappropriate to enter any order at this time, and the record regarding fees should be supplemented by the Plaintiffs.

In remanding the matter now presently before this Court, the Supreme Court stated: "We conclude that the Superior Court committed no error in denying the appellants' first application for fees and costs, but the Court did err by not granting the second application under the "bad faith" exception to the American Rule."[3] Based on the above language articulated by the Supreme Court, Petitioners argue that it was the Court's view that the second (or supplemental) fee application, requesting a total of $134,432.05 for fees and expenses, should have been granted. The fee request was supported by the affidavit of Michael J. Maimone, Esquire ("Mr. Maimone"), who was a primary attorney for Petitioners. The affidavit explained that counsel for the Petitioners discounted their regular billing rates to $300.00 per hour for work done in connection with the Petitioners' attempt to protect three historic structures, which were demolished by the Defendants. Petitioners were billed at that rate for 422.2 hours of work, which amounted to $126,660.00 in attorneys' fees. In addition, the Affidavit provided that Petitioners' incurred $7,772.05 in expenses, which resulted in a total request of $134,432.05 for attorneys' fees and expenses.

Respondents argue that it is inappropriate to enter an order at this time, let alone the order submitted by the Plaintiffs. Further, Respondents argue that before legal memorandum (are submitted) by the parties on the issue[4], the Plaintiffs should be required to supplement the record regarding fees. The Defendants claim that the Plaintiffs failed to provide any detailed statements or supporting documentation that would ordinarily accompany a fee request. Further, Plaintiffs simply included the gross amount of hours spent and the gross amount of fees incurred in their request for fees. Specifically, Respondents claim that it would be inappropriate to award fees associated with the Plaintiffs' first law suit, nor should Plaintiffs be reimbursed for fees associated with their mis-filing of an amended complaint in the first action. The Respondents feel that they will be able to expand upon these

---

1. Petitioners are The Friends of Old Dover, Inc., The Dover Historical Society, Henry R. Horsey, and Holly and Charles Johnson.

2. Respondents are the City of Dover Planning Commission, Young & Malmberg, P.A. ("Y & M"), and Yozima, L.L.C.

3. *Dover Historical Soc'y, Inc. v. City of Dover Planning*, 902 A.2d 1084, 1088 (Del. Supr.2006).

4. It appears that the Defendants wish to submit legal memoranda on the issue.

arguments, if they are permitted to review detailed documentary support for the Plaintiffs' application.

Respondents argue that when the Supreme Court determined that Mr. Zimmerman's[5] conduct came within the exception to the American Rule, the Court did not opine on the appropriateness of the amount requested (or speak to their above two arguments). Therefore, it appears that the Defendants feel the Supreme Court only decided that fees and expenses were appropriate, and this Court is, therefore, left to determine the appropriateness of the amount requested.

### Discussion

■ The Supreme Court held that this Court erred in denying Plaintiffs' second fee application, because the Plaintiffs' conduct constituted bad faith, which is an exception to the American Rule.[6] Therefore, the Supreme Court concluded that a fee-shifting award of attorneys' fees is appropriate in the case *sub judice*.[7] The Supreme Court's language, which Plaintiffs rely on when arguing that the second fee application should be granted on remand, is as follows: "We conclude that the Superior Court committed no error in denying the appellants' first application for fees and costs, but the Court did err by not granting the second application under the "bad faith" exception to the American Rule."[8]

■ The Supreme Court's decision makes it clear that fees should be awarded to the Petitioners concerning their second fee application, but the Supreme Court did not address the appropriateness of the amount of fees requested. Consequently, it appears that the appropriateness of the fee request is left for the determination of this Court. Therefore, this Court finds it prudent to request a more particularized explanation of the fees and expenses incurred concerning Plaintiffs' second fee application.[9] The second fee application only includes the gross amount of hours spent on work (422.2) multiplied by an hourly rate ($300.00) and a gross amount of expenses incurred ($7,772.05). A more detailed explanation of the fees and expenses incurred will provide Defendants a more fair opportunity to examine the amounts, and the Court will also be in a better position to award the Plaintiffs a just amount.

Therefore, Plaintiffs will submit a more detailed accounting by December 15, 2006. Defendants may respond by December 29, 2006.

IT IS SO ORDERED.

■

---

**5.** The Supreme Court concluded that Mr. Zimmerman's bad faith conduct, in destroying the buildings, was attributable to Defendants Yozima and Y & M. *Friends of Old Dover v. City of Dover*, 902 A.2d 1084, 1094 (Del.Supr.2006).

**6.** *Friends of Old Dover v. City of Dover*, 902 A.2d 1084 (Del.Supr.2006).

**7.** *Id.* at 1094.

**8.** *Dover Historical Soc'y, Inc. v. City of Dover Planning*, 902 A.2d 1084, 1088 (Del. Supr.2006).

**9.** This is particularly true given the large amount of fees requested.